**E-FILED**
Friday, 22 April, 2016  11:12:46 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DIANE STIGLEMAN, as Special Administrator of the Estate of Matthew McClain, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 16-1060 |
| WAL-MART STORES, INC. and WOOLPERT, INC., | ) ) ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Response and Objections to Defendant's Notice of Removal (d/e 5) filed by Plaintiff Diane Stigleman, as Special Administrator of the Estate of Matthew McClain, deceased.  Because removal was untimely under 28 U.S.C. § 1446(c)(1), Plaintiff's motion to remand is GRANTED.

## I. BACKGROUND

In September 2013, Stigleman filed a Complaint in the Circuit Court for the Seventh Judicial Circuit, Sangamon County,

Springfield, Illinois against Defendant Wal-Mart Stores, Inc. (Wal-Mart).  The Complaint alleged negligence and willful and wanton misconduct in Wal-Mart's provision and maintenance of a private drive as a means of ingress and egress to its business invitees.  See Case No. 13-3370, Compl. (d/e 1-1).  Stigleman alleged that, as a direct and proximate result of Wal-Mart's allegedly defective private drive, McClain was killed on May 24, 2013 when William Davis exited the Wal-Mart store via the private drive and his vehicle collided with McClain's motorcycle on North Dirksen Parkway in Springfield, Illinois.

On October 30, 2013, Wal-Mart filed a Notice of Removal asserting that this Court had jurisdiction over the litigation pursuant to 28 U.S.C § 1332 because the parties were diverse and the amount in controversy exceeded $75,000.  See Case No. 13-3370, Notice of Removal (d/e 1).  The case was assigned case number 13-3370.

Stigleman sought a remand (Case No. 13-3370 ( d/e 5)) on the basis that the removal notice failed to establish diversity and failed to attach the summons served upon Wal-Mart.  The Court denied Stigleman's motion for remand and directed Wal-Mart to file

an amended notice of removal.  See Case No. 13-3370, December 2, 2013 Text Order.

In November 2013, Wal-Mart filed a Motion to Dismiss on the basis that the Complaint failed to state a claim upon which relief may be granted.  See Case No. 13-3370, Mot. (d/e 4).  In April 2014, United States Magistrate Judge Jonathan E. Hawley entered a Report and Recommendation (d/e 12) recommending that the Motion to Dismiss be denied.  Wal-Mart filed objections (d/e 13). In September 2014, this Court rejected the Report and Recommendation, with the exception of the statement of facts in Part I, granted Wal-Mart's Motion to Dismiss, and dismissed the Complaint without prejudice and with leave to replead.  Case No. 13-3370, Opinion (d/e 15).

On October 14, 2014, Stigleman filed an Amended Complaint. Case No. 13-3370 (d/e 16).  On the same day Stigleman filed the Amended Complaint, Stigleman filed the Motion for Leave to File an Amended Complaint Naming Additional Parties and to Remand. Case No. 13-3370 (d/e 17).  In the Motion for Leave to File An Amended Complaint Naming Additional Parties and to Remand, Stigleman sought to file a Second Amended Complaint adding as

additional parties Woolpert, Inc. (Woolpert) and Truman L. Flatt & Sons Company, Inc. (Truman), the contractor for the project. Because Truman was a citizen of Illinois, the addition of Truman to the case would destroy complete diversity.

On February 11, 2015, this Court found that the relevant factors favored granting Stigleman leave to amend.   Case No. 13-3370, Opinion (d/e 21).  Therefore, the Court granted Stigleman's motion to amend and remanded the cause to State court pursuant to 28 U.S.C. § 1447(e).  Id.

On February 17, 2016, Wal-Mart filed a Notice of Removal pursuant to 28 U.S.C. § 1446(b) and the case was assigned case number 16-1060 (d/e 1).[1]  On March 18, 2016, Stigleman filed a Response and Objections to Wal-Mart's Notice of Removal (d/e 5). Stigleman asks that this Court enter an order remanding this action to the Circuit Court of Sangamon County pursuant to 28 U.S.C. § 1447 because removal was untimely and because remand is practical and benefits the parties.

---

[1] Wal-Mart originally removed this action to the Peoria Division.  On February 18, 2016, the case was transferred to the Springfield Division.  Venue lies in the Springfield Division because the original action was filed in Sangamon County, Illinois.

## II. LEGAL STANDARD

The removing party bears the burden of demonstrating removal is proper, and the removal statutes are strictly construed. Morris v. Nuzzo, 718 F. 3d 660, 668 (7th Cir. 2013) (noting the "long-established precedent that the removal statutes are to be strictly construed to preserve the limited jurisdiction of federal courts"); see also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) ("These statutory procedures for removal are to be strictly construed."). When any doubt exists as to the jurisdiction, any ambiguities are resolved against removal. Morris, 718 F. 3d at 668; Ford v. Keck, No. 06-cv-667-DRH, 2007 WL 1022003, at *5 ("doubts about compliance with procedural prerequisites for removal should be resolved in favor of state court"). "The procedural requirements governing removal are not jurisdictional, but they are mandatory and strictly applied." Disher v. Citigroup Global Markets, Inc., 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007) (citations and quotations omitted).

## III. ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original

jurisdiction[.]" 28 U.S.C. § 1441(a). In this case, Stigleman's

cause of action is removable based on diversity jurisdiction. 28

U.S.C. § 1332(a) (requiring complete diversity and an amount in

controversy in excess of $75,000, exclusive of interest and costs).

Specifically, Plaintiff Diane Stigleman is now and was at the

commencement of this action in the Seventh Judicial Circuit,

Sangamon County, Illinois, a citizen of the State of Illinois.

Stigleman's decedent, Matthew McClain, was at all relevant times a

citizen of the State of Illinois. Defendant Wal-Mart is a corporation

organized under the laws of the State of Delaware with its principal

place of business in Arkansas. Co-defendant Woolpert is

incorporated in the State of Ohio and has its principal place of

business in Ohio. Woolpert has consented to removal. See

Consent (d/e 1-4); 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is

removed solely under section 1441(a), all defendants who have

been properly joined and served must join in or consent to the

removal of the action"). The parties are, therefore, completely

diverse for purposes of § 1332.

The Court also finds that the amount in controversy

requirement is met. Courts have regularly held that where

plaintiffs allege serious permanent injuries and significant medical expenses, that the plaintiffs' damages exceed the amount-in-controversy requirement is plain on the face of the complaint.  See, e.g., McCoy v. Gen. Motors Corp., 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002).  In light of the damages Stigleman alleges in this case, the Court finds that the amount-in-controversy is in excess of $75,000.

In addition to satisfying the jurisdictional requirement, a defendant seeking removal must also satisfy the procedural requirements set forth in 28 U.S.C. § 1446(b), including the timing requirements.  As described in further detail below, the timing requirements generally require that a notice of removal be filed within 30 days of service of the initial pleading setting forth a removable cause of action.  28 U.S.C. § 1446(b)(1).  If the initial pleading is not removable, the notice of removal must be filed within 30 days of service of a paper from which it can first be ascertained that the action is removable.  28 U.S.C. § 1446(b)(3).

In addition, a case may not be removed under § 1446(b)(3) on the basis of diversity jurisdiction more than one year after the commencement of the action unless the plaintiff acted in bad faith

to prevent removal.  28 U.S.C. § 1446(c)(1).  An action commences by the filing of the complaint.  <u>Mills v. Martin & Bayley, Inc.</u>, No. No. 05-888-GPM, 2007 WL 2789431, at *3 (S.D. Ill. Sept. 21, 2007) (when an action commences is determined by the law of the state where the action was originally filed); 735 ILCS 5/2-201(a) ("Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint").   In this case, the cause of action commenced on September 18, 2013, when Stigleman filed the complaint in State court.  Therefore, if the one-year time limitation applies, Wal-Mart cannot remove this case without showing that Stigleman acted in bad faith to prevent removal.

Stigleman objects to removal and seeks remand on two grounds.  First, Stigleman argues that Wal-Mart's Notice of Removal violates the one-year time limit for removal contained in 28 U.S.C. § 1446(c)(1).  Second, Stigleman argues that remand is practical and beneficial for all parties.

Wal-Mart responds that the one-year time limit does not apply to cases that were removable based on the initial pleading.  Wal-Mart also argues that federal courts do not have the authority to decline jurisdiction for the sake of convenience or practicality.

Wal-Mart does not argue that Stigleman acted in bad faith to

prevent removal.  Nonetheless, the Court finds that the removal

was untimely.

To put the parties' arguments in context, a brief history of §

1446(b) is necessary.  Section 1446 of Title 28 United States Code

was amended effective January 6, 2012.  Prior to the amendment,

§ 1446(b) provided as follows:

> The notice of removal of a civil action or proceeding shall
> be filed within thirty days after the receipt by the
> defendant, through service or otherwise, of a copy of the
> initial pleading setting forth the claim for relief upon
> which such action or proceeding is based, or within
> thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in
> court and is not required to be served on the defendant,
> whichever period is shorter.
>
> If the case stated by the initial pleading is not
> removable, a notice of removal may be filed within thirty
> days after receipt by the defendant, through service or
> otherwise, of a copy of an amended pleading, motion,
> order, or other paper from which it may first be
> ascertained that the case is one which is or has become
> removable, except that a case may not be removed on
> the basis of jurisdiction conferred by section 1332 of
> this title more than 1 year after commencement of the
> action.

28 U.S.C. § 1446(b) (2010).  The one-year limitation was added "to

former § 1446 as part of the 1988 Judicial Improvements and

Access to Justice Act, Pub. L. No. 100-702, § 1016, 102 Stat. 4642, 4669-70 (1988) as 'a means of reducing the opportunity for removal after substantial progress has been made in state court.'" Richfield Hospitality Inc. v. Charter One Hotels & Resorts, Inc., 978 F. Supp. 2d 1194 (D. Colo. 2013) (quoting H.R. Rep. No. 100-889 at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032 (subsequently presented to the Senate, 134 Cong. Rec. S16308-09) (daily ed. Oct. 14, 1988)); see also H.R. Rep. 112-10 (noting that the 1988 addition prohibiting removal of diversity cases more than one year after commencement was "intended to encourage prompt determination of issues of removal in diversity proceedings, and it sought to avoid the disruption of state court proceedings that might occur when changes in the case made it subject to removal").  Courts interpreting the former version of § 1446(b) held that the one-year limitation applied only to diversity cases that were not initially removable.  See Price v. Wyeth Holdings Corp., 505 F.3d 624, 631 n. 6 (7th Cir. 2007) (noting in dicta that "every circuit to have considered the question  . . . has held that the one-year bar is applicable to cases that are not initially removable"); but see Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996) (stating in

dicta that "[n]o case, however, may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action'").

In 2011, Congress amended § 1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 § 103 (2011) (amendment effective January 6, 2012).  Specifically, the amendment numbered the paragraphs in former § 1446(b) and created a new paragraph § 1446(b)(3), which contained essentially the same text of the second paragraph in the former version, except that the one-year limitation was made part of a new subsection.  See Hesser v. Home Depot U.S.A., Inc., No. 4:13-CV-227 CAS, 2013 WL 1914435, at *3 (E.D. Mo. May 8, 2013).  The relevant portions of § 1446 now read as follows:

> b) Requirements; generally.--(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

* * *

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

(c) Requirements; removal based on diversity of citizenship.--(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(b).

Stigleman argues that the removal was untimely because, after the 2011 amendments, the one-year limitation applies to all diversity cases regardless of whether the action was initially removable. Pl. Opp. at 6. According to Stigleman, Congress is presumed to be aware of judicial interpretations of a statute and, when Congress enacts an amendment, it is presumed Congress intended a change in legal rights. Id. Stigleman asserts that, because Wal-Mart seeks removal over two years following commencement of the action, this matter must be remanded.

Wal-Mart argues that the one-year limitation only applies to cases that were not initially removable.  Wal-Mart asserts that the 2011 amendment did not expand the application of the one-year bar but merely added an exception to the current one-year limitation—that the one-year period does not apply if the plaintiff acted in bad faith to prevent a defendant from removing the action. Def. Resp. at 2.

The Court finds that a plain reading of § 1446(c)(1) demonstrates that the one-year limitation only applies to cases removed under § 1446(b)(3) on the basis of diversity jurisdiction. 28 U.S.C. § 1446(c)(1).  And § 1446(b)(3)— allowing a notice of removal to be filed within 30 days of receipt of a copy of an amended pleading or other paper from which it can first be ascertained that the case is or has become removable— only applies where the case stated by the initial pleading was not removable.  See Ross v. Lee, No. 3:15cv566, 2016 WL 521529, at *2-3 (E.D. Va. Feb. 5, 2016) (involving case where a defendant removed the case within 30 days of being served with the initial pleading but over a year had passed since commencement of the case and holding that the "the absolute one-year limit on removal

appears to only apply to cases that are not removable when commenced" and concluding that "[t]he one year rule does not apply to this case because the case was removable from the start"); In re Boston Scientific Corp., 2015 WL 6456528, at *3 (C.D. Cal. Oct. 26, 2015) (noting, in case involving an action that was not initially removable, that "[t]he one-year rule, however, does not apply where the case was initially removable under § 1446(b)(1)"). Had Congress intended to impose the one-year limitation on all cases removed on the basis of diversity jurisdiction, Congress would not have included in § 1446(c)(1) the limiting language that "[a] case may not be removed under subsection (b)(3)" more than one year after commencement of the action.  See, e.g. Ritchy v. Upjohn Drug Co., 139 F.3d 1313, 1317 (9th Cir. 1998) (noting that, under the former version of § 1446(b), where the case stated in the initial pleading is removable, it will either be removed promptly or not at all and, therefore, there is no need for the one-year limitation to apply to the section of the statute providing for removal within 30 days of the initial pleading).

More troublesome, and not addressed by the parties, is under which portion of § 1446 Wal-Mart removed this case.  The initial

pleading filed in the state court case was removable under
§ 1446(b)(1), and Wal-Mart removed the cause of action to this
Court (Case No. 13-3370).  The case was eventually remanded to
state court—not because the case stated in the initial pleading was
not removable but because the joinder of a non-diverse party
destroyed diversity.  When Stigleman settled with the non-diverse
party in state court, Wal-Mart again removed the case.  Neither the
procedure set forth in § 1446(b)(1) nor the procedure set forth in
§ 1446(b)(3) appear to apply to such situations.

For example, the case could not be removed a second time
under the procedure set forth in § 1446(b)(1) because the second
notice of removal was not filed within 30 days of the filing of the
initial pleading in state court.  Section 1446(b)(3) is not a perfect fit
either because that section applies when the initial pleading was
not removable, and in this case, the initial pleading was removable.
Nonetheless, the Court finds that § 1446(b)(3) is the better fit.

As noted above, the removal statutes are strictly construed in
favor of remand.  And applying the one-year limitation in this case
is consistent with Congress' stated reason for imposing a one-year
limitation—to avoid disruption of state court proceedings.

Page 15 of 19

Although this case was pending in this Court from October 2013 until February 2015, this case was also pending in state court from February 11, 2015 to February 17, 2016. (The Court observes, however, that neither court has made substantial progress in this case.)

Moreover, the Court notes that Wal-Mart's Notice of Removal was technically based on § 1446(b)(3). Although Wal-Mart did not cite § 1446(b)(3), Wal-Mart did state that "[n]otice of removal may be filed within 30 days after defendant receives a copy of an amended pleading, motion, order or other paper from which it may first be ascertain that the case has become removable" and that Wal-Mart's removal was filed within 30 days of the dismissal of the last non-diverse defendant. See Notice of Removal at ¶¶ 17, 18 (d/e 1) (citing §1446). Essentially, Wal-Mart used the language of § 1446(b)(3) to justify its removal. Wal-Mart stated that the order terminating the non-diverse party was the order from which it could be ascertained that the case had become removable. Id. ¶¶ 16, 17. Wal-Mart filed the Notice of Removal within 30 days of that order. Id. ¶ 18. This suggests that Wal-Mart's removal of the action was based on the procedure set forth in § 1446(b)(3).

Because the one-year limitation contained in § 1446(c)(1) expressly applies to removals under § 1446(b)(3) based on diversity, and because it appears that Wal-Mart's removal was based on § 1446(b)(3), the one-year limitation applies to Wal-Mart's Notice of Removal even though the case stated by the initial pleading was removable (and eventually remanded).

Any other conclusion would render the one-year limitation useless in remanded cases that later become removable again. Wal-Mart does not argue that Plaintiff acted in bad faith to prevent removal so as to excuse the one-year limitation. Therefore, the Court finds that removal was untimely, and this case is remanded to state court. See also, e.g., Rulis v. LA Fitness, No. 13-1582, 2015 WL 1344745, at *2 (E.D. Pa. Mar. 24, 2015) (wherein the case was originally removed, remanded when a non-diverse party was added, and removed again after the non-diverse party was dismissed, the court applied the one-year limitation and focused on whether the plaintiff acted in bad faith to prevent removal so that the one-year limitation would not apply).

The Court recognizes that a few similar cases decided before the 2011 amendments held that the one-year limitation did not

apply when a case was removed, remanded, and then removed
again.  See Darnell v. Hoelscher Inc., No.11-cv-449, 2011 WL
2461951 (S.D. Ill. June 20, 2011) (finding the one-year limitation
did not apply to case initially removed, remanded when an
amendment destroyed diversity, and then removed again after
settlement with the defendant who destroyed diversity); Arrighi v.
Celebration Station Props., Inc., No. 10-105-BAJ-SCR, 2010 WL
4386066 (M.D. La. Sept. 14, 2010) (finding the one-year limitation
did not apply to a case removed, remanded following the addition
of a non-diverse defendant, and then removed again after dismissal
of the non-diverse defendant because the one-year limitation
applies only to those state court cases that are not initially
removable), report & recommendation adopted by 2010 WL
4366060 (2010).  However, those cases do not explain the
procedure under which the removal was made—whether under
§ 1446(b)(1) or (b)(3)—but merely assume that a procedure exists
for filing a second notice of removal in such circumstances.
Applying a strict construction of the statute, the Court disagrees
with Darnell and Arrighi and finds that a second removal should

be addressed under § 1446(b)(3), to which the one-year limitation clearly applies.

## IV. CONCLUSION

For the reasons stated, Stigleman's Response and Objections to Wal-Mart's Notice of Removal (d/e 5) is GRANTED.  This cause is remanded to the Circuit Court of Sangamon County pursuant to 28 U.S.C. § 1447(c).

ENTER:  April 20, 2016

FOR THE COURT:

        s/Sue E Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE